In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-404 CR


____________________



JAMES RAY SPARROW, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89999






MEMORANDUM OPINION


 A jury found appellant, James Ray Sparrow guilty of Aggravated Sexual Assault of
a child, (L.G.), and assessed his punishment at seventy-five years' confinement in the Texas
Department of Criminal Justice - Institutional Division and a fine of $10,000. Sparrow's
appellate counsel filed a brief that concluded no arguable error was presented in the trial
record, and any appeal would be frivolous. Subsequently, Sparrow filed pro se paperwork
he represented as his "Informal Brief" attacking his conviction and punishment. In Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005)(footnote omitted), the Court
provides the following salient directive:

 When faced with an Anders brief and if a later pro se brief is filed, the court
of appeals has two choices. It may determine that the appeal is wholly
frivolous and issue an opinion explaining that is has reviewed the record and
finds no reversible error. Anders, 386 U.S. at 744, 87 S.Ct. 1396. Or, it may
determine that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues. Stafford,
813 S.W.2d at 511. Only after the issues have been briefed by new counsel
may the court of appeals address the merits of the issues raised. Id. at 509-10
(quoting Anders, 386 U.S. at 744, 87 S.Ct. 1396). If the court of appeals were
to review the case and issue an opinion which addressed and rejected the
merits raised in a pro se response to an Anders brief, then Appellant would be
deprived of the meaningful assistance of counsel. Furthermore, this does not
deprive Appellant of his right to file a petition for discretionary review. 
Appellant is free to file a petition for discretionary review with this Court
claiming that the court of appeals erred in holding that there were no arguable
grounds for review. (1) 


 Sparrow's pro se brief centers on alleged ineffective assistance of his trial counsel,
with various satellite issues all relating back to his ineffectiveness claim. In general, Sparrow
contends that his trial counsel "was not prepared for trial . . . . allowed witnesses to contradict
statements in cross-examination without objecting[,] [and] [a]fter I was convicted, he advised
me to 'take responsibility and show remorse.'" 

 Our examination of the record indicates that trial counsel filed a number of pretrial
motions pertinent to the particular facts and circumstance of the case. He also filed an
application for community supervision on Sparrow's behalf. Trial counsel examined and
cross-examined witnesses in a professional manner and appeared to fully develop for the jury
Sparrow's defensive claim of "conspiracy between Lizneth Sparrow and her daughter [the
victim, L.G.] as an attempt to obtain a divorce from [Sparrow]." Sparrow also testified in
his own behalf and attempted to explain why he provided an initial exculpatory statement to
the authorities, and then later provided an inculpatory statement essentially admitting to
having sexually assaulted L.G. on several occasions. He also testified concerning the
"conspiracy" allegedly involving L.G. and her mother. 

 Trial counsel called a number of character witnesses during the punishment phase of
the trial. Sparrow also testified and admitted his complicity in sexually assaulting L.G., and
also admitted to having lied to the jury during the guilt/innocence phase. On appeal, Sparrow
now contends that his punishment admission and remorse were done only on advice from
trial counsel in hopes of "get[ting] me probation or a small TDCJ term." Because he
received neither from the jury, Sparrow reflects, "That was probably the dumbest thing I
have ever done was listen to him." 

 An accused has the right to reasonably effective assistance of counsel. Strickland v.
Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel,
an appellant must show that (1) trial counsel's representation fell below an objective standard
of reasonableness, based on prevailing professional norms; and (2) there is a reasonable
probability that the result of the proceeding would have been different but for trial counsel's
deficient performance. Strickland, 466 U.S. at 688-94. Moreover, the appellant bears the
burden of proving his claims by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). 

 In assessing an appellant's claims, we apply a strong presumption that trial counsel
was competent. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We
presume counsel's actions and decisions were reasonably professional and were motivated
by sound trial strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
When, as in the instant case, there is no proper evidentiary record developed at a hearing on
a motion for new trial, it is extremely difficult to show that trial counsel's performance was
deficient. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes
almost vital to the success of an ineffective assistance claim." Stults v. State, 23 S.W.3d 198,
208-09 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (citing Howard v. State, 894
S.W.2d 104, 107 (Tex. App.--Beaumont 1995, pet. ref'd). 

 Recently, the Court of Criminal Appeals reaffirmed its holding that, absent an
opportunity for trial counsel to explain his actions, appellate courts should not find
ineffective assistance unless the challenged conduct was "'so outrageous that no competent
attorney would have engaged in it.'" Goodspeed v. State, No. PD-1882-03, 2005 WL
766996, at *2 (Tex. Crim. App. Apr. 6, 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001). The Court also reiterated the standard that "[a] Strickland claim
must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the
meritorious nature of the claim." Id. (quoting Thompson, 9 S.W.3d at 813) (declining to
speculate on counsel's failure to object to hearsay in light of silent record). "Direct appeal
is usually an inadequate vehicle for raising such a claim because the record is generally
undeveloped." Id. (citing Thompson, 9 S.W.3d at 813-14). "'[T]rial counsel should
ordinarily be afforded an opportunity to explain his actions before being denounced as
ineffective.'" Id. (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). 
Moreover, isolated failures to object to improper evidence generally do not constitute
ineffective assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App.
1984). 

 In the instant case, we have carefully reviewed the appellate record and agree with
counsel's conclusion that no arguable issues support an appeal. Therefore, we find it
unnecessary to order appointment of new counsel to re-brief the appeal. Compare Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). As noted by the Court of Criminal
Appeals, Sparrow is free to file a petition for discretionary review raising error by this Court
in his direct appeal. See Bledsoe, 178 S.W.3d at 827. (2) We affirm the judgment of the trial
court.

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted December 20, 2005

Opinion Delivered March 15, 2006

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. "Anders" refers to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), and "Stafford" refers to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991).
2. However, as the Court also noted: "While an appellant has the right to file a
petition for discretionary review with this Court, review is not a matter of right." Bledsoe,
178 S.W.3d at 827 n. 6 (citing Tex. R. App. P. 66.2)(emphasis in original).